UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - x
                                      :
UNITED STATES OF AMERICA              :
                                      :
            - v. -                    :
                                      :    08 Cr. 368 (SHS)
CAO, YI GUO,                          :
                                      :
            Defendant.                :
                                      :
- - - - - - - - - - - - - - - - - - - x


## GOVERNMENT'S PROPOSED REQUESTS TO CHARGE


MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York,
Attorney for the United States
of America


RICHARD C. DADDARIO
JONATHAN B. NEW
Assistant United States Attorneys
  - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x
                                       :
UNITED STATES OF AMERICA               :
                                       :
        - v. -                         :
                                       :    08 Cr. 368 (SHS)
CAO, YI GUO,                           :
                                       :
                Defendant.             :
                                       :
- - - - - - - - - - - - - - - - - - - x

<u>GOVERNMENT'S PROPOSED REQUESTS TO CHARGE</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its instructions to the Jury.

<u>TABLE OF CONTENTS</u>

<u>PAGE</u>

1.  General Requests. . . . . . . . . . . . . . . . . . . .1

2.  Nature Of The Indictment . . . . . . . . . . . . . . . 2

3.  Multiple Counts . . . . . . . . . . . . . . . . . . . .3

4.  The Indictment and the Statute . . . . . . . . . . . .4

5.  Purpose of the Statute . . . . . . . . . . . . . . . . 5

6.  Elements of the Offense. . . . . . . . . . . . . . . . 6

7.  The First Element - The Defendant Acted . . . . . . . .7

8.  The Second Element - Knowledge and Specific Intent . . . .9

9.  Venue . . . . . . . . . . . . . . . . . . . . . . . . 11

10. Particular Investigative Techniques Not Required . . . . 13

11. Law Enforcement And Government Employee Witnesses . . . . 14

12. Defendant's Testimony . . . . . . . . . . . . . . . . 15

13. Defendant's Right Not To Testify . . . . . . . . . . . 16

14. Uncalled Witness B Equally Available to Both Sides. . . . 17

15. Admission of Defendant . . . . . . . . . . . . . . . . 19

16. Consciousness of Guilt – False Exculpatory Statements . . 20

17. Character Testimony . . . . . . . . . . . . . . . . . 22

18. Persons Not On Trial . . . . . . . . . . . . . . . . . 23

19. Stipulations . . . . . . . . . . . . . . . . . . . . . 24

20. Use of Recordings and Translations . . . . . . . . . . .25

21. Preparation Of Witnesses . . . . . . . . . . . . . . . 26

22. Variance In Dates . . . . . . . . . . . . . . . . . . 27

23. Conclusion . . . . . . . . . . . . . . . . . . . . . . 28

**REQUEST NO. 1**

**General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.    Function of Court and Jury

b.    Indictment not Evidence

c.    Statements of Court and Counsel not Evidence

d.    Burden of Proof and Presumption of Innocence

e.    Reasonable Doubt

f.    Government Treated Like Any Other Party

g.    Definitions and Examples of Direct and Circumstantial Evidence

h.    Credibility of Witnesses

i.    Interest in Outcome

j.    Inferences

k.    Right to See Exhibits and Have Testimony Read During Deliberations

l.    Sympathy:  Oath as Jurors

m.    Punishment Is Not to Be Considered by the Jury

n.    Verdict of Guilt or Innocence Must be Unanimous

1

## REQUEST NO. 2

## Nature of the Indictment

The defendant, CAO, YI GUO, is charged in a two-count Indictment.  The word "count" in a criminal indictment means a charge or an accusation.  A count in an indictment is, in effect, an accusation that the defendant has violated the law in a particular way.  Each count is merely an accusation, just as the indictment as a whole is an accusation.  Neither the indictment itself nor the individual counts are proof of any wrongdoing by the defendant.

## REQUEST NO. 3

## Multiple Counts

As I just indicated, the Indictment contains a total of two counts.  Each count constitutes a separate offense or crime.  You must consider each count of the Indictment separately, and you must return a separate verdict on each count in which the defendant is charged.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 3-8 (2007).

3

## REQUEST NO. 4

### The Indictment and the Statute

The indictment charges the defendant with two counts of retaliating and threatening to retaliate against a witness in an official federal proceeding.  It reads:

**[The Court is respectfully requested to read the Indictment].**

The relevant statute on this subject is 18 U.S.C. § 1513(b). Section 1513(b) provides in relevant part:

> "Whoever knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for –

> "(1) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; or

> "(2) any information relating to the commission or possible commission of a Federal offense . . . given by a person to a law enforcement officer; or attempts to do so, shall be guilty of a crime.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 46-33 (2006).

**Request No. 5**

**Purpose Of The Statute**

      This statute is designed to protect persons from retaliation for the appearance of witnesses or parties in criminal federal proceedings, and from retaliation for information given to law enforcement officers about federal crimes.  The integrity of the federal system of justice depends upon the cooperation of such victims and potential witnesses, and these persons' willingness to come forward to give truthful evidence and information, free from the fear of retaliation.  If persons with information do not come forward, produce evidence, and appear when summoned, the criminal justice system will be significantly impaired.  This statute was designed to make it unlawful for anyone to retaliate against someone who has been a witness, victim or informant or to retaliate against anyone who is associated with a witness, victim or informant.

      Adapted from Sand, <u>et</u> <u>al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 46-34 (2007).

**REQUEST NO. 6**

**Elements Of The Offense**

To prove that the defendant, CAO, YI GUO is guilty of witness retaliation, the Government must prove each of the following elements beyond a reasonable doubt:

First, that on or about the date set forth in the indictment, the defendant either engaged in conduct causing bodily injury to another person or threatened to cause bodily injury to another person;

Second, that in taking one of those actions, the defendant acted knowingly and with specific intent to retaliate for another person's attendance as a witness at an official federal proceeding or for his providing information to a law enforcement officer.

Now, let me discuss these elements in greater detail.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 46-35 (2007).

6

## REQUEST NO. 7

### The First Element - the Defendant Acted

To satisfy the first element, the Government must prove beyond a reasonable doubt either that the defendant engaged in conduct and thereby caused bodily injury, or that the defendant threatened to cause bodily injury.

Bodily injury means a cut, abrasion, bruise, burn, or disfigurement, physical pain, illness, or the impairment of the function of a bodily member or organ. It includes any injury to the body no matter how temporary.

It is not necessary that the defendant himself caused the bodily injury. It is sufficient if you find that the defendant knowingly participated in some activity that had the consequence or effect of injuring a person.

It is also not necessary for the government to prove that someone was actually injured. It is sufficient if the defendant knowingly threatened to cause bodily injury to another person. A threat is simply the expression of intent to do harm. A threat may be communicated by words as well as gestures. In order to find that the defendant threatened to cause a person bodily injury or death, you need not find that he intended to carry out the threat.

7

The government can therefore establish the first element in either of two ways: first, by proving that the defendant engaged in conduct that resulted in bodily injury to another person; or second, by proving that the defendant threatened bodily injury to another person.

Adapted from Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 46-37 (2007)

**REQUEST NO. 8**

**The Second Element - Knowledge and Specific Intent**

The second element the Government must prove beyond a reasonable doubt is that the defendant acted knowingly and with the specific intent to retaliate against Lin, Yan Fu for appearing as a witness in a federal criminal trial or for providing information to law enforcement officers.

An official proceeding means a proceeding before a court, judge or federal agency.  You are instructed that a federal criminal trial is an official proceeding.

An act is done knowingly if it is done voluntarily and purposely and not by accident or mistake.

By specific intent, I mean that the defendant must have acted knowingly and with the unlawful intent to retaliate against Lin, Yan Fu for his role in the official proceeding.  In order to satisfy this element, it is not necessary for the government to prove that the defendant knew he was breaking any particular law.

In addition, the government need not prove that the defendant acted solely for the purpose of retaliating against Mr. Lin for his role in an official proceeding, as long as that was one of the defendant's purposes.

If you find that the defendant threatened to cause bodily injury, the government does not need to establish that the

9

defendant had an intent to carry out the threat; the only intent required is an intent to retaliate.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 46-36, 46-38, 46-03 (2007); United States v. Milvio Duarte, 99 Cr. 192 (CSH) (S.D.N.Y. Oct. 13, 1999); United States v. Edwin Rivera, S10 97 Cr. 817 (DC) (S.D.N.Y. Mar. 3, 2000); United States v. Maggitt, 784 F.2d 590, 593-594 (5th Cir. 1979); United States v. DiPietro, et al., 02 cr. 1237 (SWK) (S.D.N.Y. 2005) (with respect to a count of evidence tampering, in violation of 18 U.S.C. § 1512(b)(2), charging: "The law also does not require the government to prove that the defendant's sole or even primary purpose was to impair the integrity or availability of the object for use in an official proceeding.")

**REQUEST NO. 9**

**Venue**

In addition to all of the elements I have described for you, you must also decide whether the crime charged, or any act committed to further or promote the crime, occurred within the Southern District of New York.  In a prosecution for witness retaliation under 18 U.S.C. 1513(b), that consideration includes whether the official proceeding that the defendant allegedly intended to be affected was instituted, pending or completed in the Southern District of New York.

I should note that on this issue, and this issue alone, the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that the crime charged or any act in furtherance of the crime occurred in the Southern District of New York, or that the criminal trial for which the defendant is alleged to have retaliated against a witness took place in the Southern District of New York.

If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendant of the charge.

Adapted from the charge of the Honorable
Charles S. Haight, Jr. in <u>United</u> <u>States</u> v.

11

Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991)
(wire fraud), and from Sand, et al., Modern
Federal Jury Instructions, Instr. 3-11
(2007); see 18 U.S.C. § 3237 (general venue
provision for offenses committed in more than
one district); 18 U.S.C. 1513 (g) (venue for
witness retaliation may be laid in district
of official proceeding to be affected).  See
also United States v. Gonzalez, 922 F.2d
1044, 1054-55 (2d Cir. 1991) (affirming that
venue is governed by a preponderance
standard).

## REQUEST NO. 10

## Particular Investigative Techniques Not Required
## [If Applicable]

You have heard reference, in the arguments of the defendant in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement that the Government prove its case through any particular means. While you are to consider carefully the evidence adduced by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

Adapted from the charge of Hon. Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Hon. John F. Keenan in United States v. Medina, 912 Cr. 894 (JFK) (S.D.N.Y. 1992).

13

**REQUEST NO. 11**

**Law Enforcement And Government Employee Witnesses**
**[If Applicable]**

You have heard the testimony of law enforcement officials and of employees of the Government.  The fact that a witness may be employed by the Federal Government as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Adapted from Sand, et al., Modern Federal
Jury Instructions, Instr. 7-16 (2007).

14

**REQUEST NO. 12**
**Defendant's Testimony**
**[Requested Only If Defendant Testifies]**

The defendant has taken the witness stand.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case.  You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 7-4.  See United States v. Gaines, 2006 U.S. App. LEXIS 18289, at *27 (2d Cir. July 20, 2006) (citing the Sand charge approvingly).

<u>**REQUEST NO. 13**</u>

<u>**Defendant's Right Not To Testify**</u>
**[If Requested By Defense]**

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand <u>et</u> <u>al</u>., <u>Modern Federal Jury Instructions</u>, Instr. 5-21.

16

**REQUEST NO. 14**

**Uncalled Witness -- Equally Available to Both Sides
[If Applicable]**

Both the Government and the defendant, CAO, YI GUO, have the same power to subpoena witnesses to testify on their behalf.  If a potential witness could have been called by the Government or by the defendant and neither called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the Government or to the defendant or to both.

On the other hand, it is equally within your province to draw no inference at all from the failure of either side to call a witness.

You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

> Adapted from the charge of Judge Kenneth Conboy in United States v. Lew, 91 Cr. 361 (KC) (S.D.N.Y. 1991) and from L. Sand, Modern Federal Jury Instructions, Instr. 6-7.  See generally United States v. Ebb, 543 F.2d 438, 444 (2d Cir.) (Discussing propriety of missing witness charges), cert. denied, 429 U.S. 981 (1976).

> When a witness is equally available to both sides, 'the failure to produce is open to an inference against all parties.' No

17

instruction is necessary where the unpresented testimony would be merely cumulative." <u>United States</u> v. <u>Torres</u>, 845 F.2d 1165, 1169 (2d Cir. 1988) (citations omitted) (emphasis in original); <u>see also</u> <u>United States</u> v. <u>Nichols</u>, 912 F.2d 598, 601 (2d Cir. 1990) (whether to give charge is committed to the discretion of trial judge; generally discussing applicable standards).

**REQUEST NO. 15**

**Admission of Defendant**
**[If Applicable]**

There has been evidence that the defendant made certain statements in which the Government claims he admitted certain facts showing him to be guilty of the charges in the Indictment. In deciding what weight to give the defendant's statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and understandingly made. I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 5-19.

19

## REQUEST NO. 16

## Consciousness Of Guilt – False Exculpatory Statements

You have heard testimony that the defendant made certain statements in the past in which the defendant claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that these statements in which he exonerated or exculpated himself are false.

False exculpatory statements to law enforcement officials are circumstantial evidence of a defendant's consciousness of guilt and have independent probative value.  If you find that the defendant gave a false statement in order to divert suspicion from himself, you may, but are not required to draw the conclusion that the defendant believed that he was guilty.  You may not, however, draw the conclusion on the basis of this alone, that the defendant is, in fact, guilty of the crime for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 6-11.  See United States v. Gaviria, 740 F.2d 174, 184 (2d Cir. 1984) ("[F]alse exculpatory statements made to law enforcement officials are circumstantial evidence of a consciousness of guilt and have independent probative

20

force . . . .") (quoting <u>United States</u> v. <u>Johnson</u>, 513
F.2d 819, 824 (2d Cir. 1975)).

**REQUEST NO. 17**

**Character Testimony**
**[If Applicable]**

You have heard testimony that the defendant [describe testimony: <u>e.g.</u>, has a good reputation for honesty in the community where he lives and works and for truthfulness]. Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's honesty and truthfulness when you decide whether the Government has proven, beyond a reasonable doubt, that the defendant committed the crime.

                Adapted from the charge in <u>United States</u> v. <u>Pujana-Mena</u>, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).

        [A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal. <u>Pujana-Mena</u>, 949 F.2d at 27-31 (strongly criticizing such charges as "potentially misleading and confusing"). The Second Circuit notes that "[I]t might be helpful in some cases to instruct the jury as to the purpose or purposes for which [character evidence] is admitted. Character evidence is admissible principally to show that, because of his or her good reputation, the defendant is less likely to have committed the charged crime. In cases where the defendant testifies, character evidence may also be used by the jury to help it determine whether the defendant was truthful on the stand." <u>Id</u>. at 30 (citations omitted).]

22

## REQUEST NO. 18

### Persons Not On Trial

You may not draw any inference, favorable or unfavorable, towards the Government or the defendants from the fact that any person other than the defendant is not on trial here. You may not speculate as to the reasons why other people are not on trial before you now. Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

> Adapted from the charge of the Honorable Henry F. Werker in United States v. Barnes, S 77 Cr. 190 (S.D.N.Y. 1977), aff'd, 604 F.2d 121, 147 (2d Cir. 1979); Sand Modern Federal Jury Instructions; Criminal, Instr. 3-1 (2007).

23

## REQUEST NO. 19

## Stipulations
## [If Applicable]

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.

> Adapted from the charge of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (S.D.N.Y. 1992), and from Sand, Modern Federal Jury Instructions, Instrs. 5-6, 5-7 (2007).

24

**REQUEST NO. 20**

**Use Of Recordings And Translations**

As you may recall, the recordings of 911 calls introduced into evidence during this trial contained conversations in Chinese.  As to the Chinese-language conversations, it was necessary for the Government to obtain translations of those conversations into English.  The transcripts of those conversations embody the testimony of the Chinese translator, whose testimony was admitted by stipulation among all the parties.  By virtue of this stipulation, the transcripts of the Chinese-language conversations were admitted into evidence, and the parties agreed that the translations were true and accurate.  Remember that the jury is the ultimate fact-finder and, as with all of the evidence, you may give the transcripts such weight, if any, as you believe they deserve.

> Adapted from the charge of Judge Pierre N. Leval in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and from the charge of the Honorable John G. Koeltl in <u>United States</u> v. <u>Alvarado-Matriller</u>, 94 Cr. 723 (JGK) (S.D.N.Y. 1995).

## REQUEST NO. 21

## Preparation Of Witnesses
## [If Applicable]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.  Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Charge of Hon. Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

26

**REQUEST NO. 22**

**Variance In Dates**

It does not matter if the Indictment alleges that a specific act occurred on or about a certain date and the testimony indicates that in fact it was on another date. The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony. The same goes for most of the other factual contentions in the Indictment.

> Adapted from the charges of Judge Weinfeld in United States v. Della Rocca, 72 Cr. 217 (S.D.N.Y. 1972); of Judge Metzner in United States v. Koss, aff'd, 506 F.2d 1103 (2d Cir. 1974); and of Judge Owen in United States v. Lofland, 75 Cr. 769 (S.D.N.Y. 1975).

27

## REQUEST NO. 23

### Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to the sole charge of the indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or

effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

> Adapted from the charge of the Honorable Arnold Bauman in <u>United States</u> v. <u>Soldaro</u>, 73 Cr. 167, Tr. at 2502-03 (S.D.N.Y. 1973).  <u>See also</u> <u>United States</u> v. <u>Corr</u>, 75 Cr. 803, Tr. 5425-26 (S.D.N.Y.), <u>aff'd</u>, 543 F.2d 1042 (2d Cir. 1976).

Dated:      New York, New York
            August 25, 2008


                        Respectfully submitted,

                        MICHAEL J. GARCIA
                        United States Attorney for the
                        Southern District of New York
                        Attorney for the United States
                        of America

                        By: _____
                             RICHARD C. DADDARIO
                             JONATHAN B. NEW
                             Assistant United States Attorneys

## AFFIRMATION OF SERVICE

JONATHAN B. NEW, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York.

That on August 25, 2008, I caused one copy of the within Government's Requests to Charge to be delivered by facsimile and regular mail to:

> Joel S. Cohen, Esq.
> 128 Mott Street, Suite 706
> New York, New York 10013
> t:(212) 571-8899
> f:(212) 571-9557

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:    New York, New York
          August 25, 2006

 

_____
JONATHAN B. NEW